**Order filed March 29, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00327-CV

_____

**JUSTIN D. PERRYMAN AND KENNETH R. KOEPKE,**
**Appellants**

**V.**

**CITIZENS NATIONAL BANK AT BROWNWOOD, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1611446**

### O R D E R

Appearing pro se, Appellants filed notices of appeal from a judgment entered against them after a jury trial. Pursuant to the jury's verdict, the trial court awarded Appellee a judgment against Appellants in excess of $2,000,000. The trial court's judgment further provided that Appellants are jointly and severally liable for all

damages awarded, except for attorney's fees in the event of an appeal. As set forth herein, we abate the appeal.

Appellant Justin D. Perryman has filed a second motion to stay[1] this appeal. He states in the motion that he is a member of the Texas Army National Guard that has recently been mobilized for active duty service. Perryman asks this court to stay his appeal pursuant to 50 U.S.C. § 3932(b) of the Servicemembers Civil Relief Act. *See* 50 U.S.C. § 3932(b). The Act provides that a servicemember is entitled to a mandatory stay of civil judicial proceedings for a period of not less than ninety days when his or her application for stay meets certain conditions. *Id.* § 3932(b)(1). These conditions include:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id.* § 3932(b)(2)(A)–(B).

We first note that Section 3932 does not readily appear to be applicable to this appeal because the stay that it provides applies "[a]t any stage *before* final judgment." *Id.* § 3932(b)(1) (emphasis added). This appeal is a stage *after* a final judgment. However, one of our sister courts has granted a stay pursuant to Section 3932 to a pro se party for a case pending on appeal. *See Alexander v. Alexander*, No. 03-12-00688-CV, 2013 WL 363605, at *1 (Tex. App.—Austin Jan.

---

[1]Perryman has filed two motions to stay these proceedings. He filed his first motion to stay on December 14, 2018. We denied the motion on January 10, 2019. Perryman then filed another motion to stay on March 15, 2019. Perryman refers to the March 15, 2019 motion as an "amended motion." Since the first motion to stay was already denied prior to the filing of the March 15, 2019 motion, we will refer to the motion filed on March 15, 2019, as Perryman's second motion to stay.

25, 2013, no pet.) (mem. op.). The Austin Court of Appeals granted a stay until a certain date, and its order included a filing deadline for the filing of the pro se servicemember's brief that was approximately thirty days after the date the case was to be reinstated. *Id.*; *see* TEX. R. APP. P. 38.6(a). The circumstances of this appeal are synonymous with the situation in *Alexander* because Perryman is appearing pro se and his brief is currently due. *See Alexander*, 2013 WL 363605, at *1.

The motion filed by Perryman appears to meet the conditions of Section 3932(b)(2)(A)–(B). He has attached to his motion a letter that he has signed indicating that his current military duty requirements materially affect his ability to "appear" in this proceeding in the form of preparing his brief. Perryman additionally asserts: "I am requesting a stay . . . until off orders on September 30, 2019 plus 30 days." Perryman has also attached a letter from a commanding officer indicating that Perryman's current military duty prevents his ability to attend to nonmilitary legal affairs and that military leave is not authorized for him.[2]

The purpose of the Servicemembers Civil Relief Act "is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). The Act is to be "liberally construed" and applied in a "broad spirit of gratitude towards service personnel." *Clauer v. Heritage Lakes Homeowners Ass'n, Inc.*, No. 4:09-CV-560, 2010 WL 2465363, at *3 (E.D. Tex). In light of Perryman's status as a pro se litigant and his contention that his current military service precludes his ability to prepare his brief, we grant Perryman's motion for a stay of this appeal by abating the appeal until October 30, 2019 (thirty days after September 30, 2019, as specified in Perryman's supporting letter).

---

[2]Perryman did not include a letter from a commanding officer with his first motion to stay.

While Appellant Kenneth R. Koepke is not entitled to a stay under Section 3932, the fact that he is jointly and severally liable with Perryman indicates that Appellee's claims against Koepke may be intertwined with Appellee's claims against Perryman, thereby requiring that the entire appeal be stayed. *See Garcia v. Grimm*, No. 06CV225 WQH (PCL), 2008 WL 4629928, at \*3 (S.D. Cal. Oct. 17, 2008). This appeal will be reinstated on October 30, 2019. Furthermore, we extend the deadline for Perryman and Koepke to file their respective briefs until December 2, 2019.

The appeal is abated.

PER CURIAM

March 29, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.